IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVORIE KELLEY,                )<br>                              )<br>        Petitioner,           )<br>                              )<br>    v.                        )   C.A. No. 19-688 (MN)<br>                              )<br>KOLAWOLE AKINBAYO, Warden, and)<br>ATTORNEY GENERAL OF THE STATE )<br>OF DELAWARE,                  )<br>                              )<br>        Respondents.          )  | |

## **MEMORANDUM ORDER**

At Wilmington this 12th day of August 2020;

In April 2019, Petitioner Ivorie Kelley ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"), asserting that his 2013 conviction for drug dealing with an aggravating factor was obtained in violation of his due process rights and, in turn, that the 2013 conviction was improperly used to enhance the sentence imposed for his 2017 conviction for possession of a firearm for a person prohibited. (D.I. 1; D.I. 7; D.I. 8). In December 2019, Petitioner filed a Motion for Summary Judgment arguing that he is entitled to habeas relief because the State's Answer did not challenge the factual allegations contained in his Petition. (D.I. 18 at 1).

Although not the standard practice, it appears that a party may technically file a motion for summary judgment in federal habeas proceeding. *See* Rule 12 of Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254. Nevertheless, summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party has the initial burden of demonstrating that there is no genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In his Motion for Summary Judgment, Petitioner does not provide any support for his conclusory statement that there is "no genuine dispute as to any material fact in this action." (D.I. 18 at 1).  Rather, the Motion merely succinctly re-asserts the arguments presented in the Petition.  The Court also notes that the Petition has been fully briefed and will be addressed by the Court in due course.  Accordingly, the Court will deny the instant Motion.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Ivorie Kelley's Motion for Summary Judgment (D.I. 18) is **DENIED** for failure to demonstrate the absence of a genuine issue of material fact.  To the extent the instant Motion is more properly construed as a supplemental Reply to the State's Answer, the Court will consider the arguments asserted therein when it considers the Petition.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge

---

[1] The Court will consider the arguments in the instant Motion to the extent they supplement Petitioner's Reply (D.I. 20) when it addresses the merits of the Petition