IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IVORIE KELLEY,

    *Petitioner*,

v.

STATE OF DELAWARE, et al.,

    *Respondents*.

No. 19-cv-00688-SB

---

Ivorie Kelley, Dover, Delaware.

*Pro Se*.

Sean P. Lugg, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

*Counsel for Respondents*.

---

**MEMORANDUM OPINION**

May 11, 2021

BIBAS, *Circuit Judge*, sitting by designation.

If a state prisoner thinks that his conviction is wrong, he cannot wait until *after* his sentence to petition for habeas corpus. By then, it is too late; the conviction has expired. Even if the expired conviction is used to enhance the sentence of a later conviction, the prisoner cannot turn back the clock. Because Ivorie Kelley has made this mistake, I will deny his habeas petition.

## I. BACKGROUND

### A. Kelley's convictions

In 2012, a police officer stopped Kelley for speeding. D.I. 14-4, at 12. While talking to Kelley, the officer noticed that he was smoking a cigar and blowing the smoke toward the officer's direction. *Id.* The officer told Kelley to stop smoking. After that, the officer thought he smelled drugs, so he searched Kelley's car and found marijuana and unprescribed oxycodone pills. *Id.* at 13. There was also cash in the car and text messages on his phone, suggesting that Kelley was dealing drugs. D.I. 14-5, at 17.

Kelley pleaded guilty to one count of aggravated drug dealing, a felony. D.I. 14-2, at 1. In his plea, Kelley said he understood that he was indefinitely forbidden to own or possess a gun. D.I. 14-5, at 15. He also said that he was satisfied with his counsel. *Id.* at 16. In 2013, the court sentenced him to five years' imprisonment, which was suspended in exchange for two years' probation. *Id.* at 22–23. Kelley completed his probation in February 2016 and was discharged from his original sentence. D.I. 14-2, at 3.

Then Kelley got into more trouble. In 2017, the police pulled him over on a warrant. D.I. 14-8, at 4. They arrested him and found a loaded gun in his pocket. The serial number had been scratched off, making it unreadable. *Id.*

Kelley was indicted again, this time for various gun-possession counts. D.I. 14-1, at 1. He pleaded guilty in Delaware state court to one count of forbidden possession or control of a firearm, and the State dismissed the other charges. D.I. 14-1, at 2; D.I. 14-6, at 9. Kelley knew that his sentence would be enhanced based on his 2013 conviction, which he acknowledged was for a "[p]rior violent" felony. D.I. 14-9. The Superior Court sentenced Kelley to fifteen years' imprisonment, suspended after five years, plus one year of probation. D.I. 14-6, at 10–11.

Kelley is now serving his second sentence. He has not directly appealed, but he did file three motions to modify, correct, or reduce his sentence. The Superior Court denied them all. D.I. 16, at 2–3. So Kelley filed this petition.

**B. Kelley's habeas petition**

Kelley tries to get out of jail now by challenging the past. He says that his 2017 sentence should not have been enhanced based on his 2013 conviction. He gives five reasons why:

1. He did not commit an aggravated drug felony; he was just in "simple possession" of marijuana for personal use. D.I. 1, at 6.

2. The officer lacked probable cause to search his vehicle and his person without his consent, and thus violated the Fourth Amendment. D.I. 1, at 8.

3

3. He was *not* charged with possessing drug paraphernalia or maintaining a dwelling for drugs, which confirms that he was merely in "simple possession" of marijuana and not dealing drugs. D.I. 1, at 9.

4. He was wrongfully convicted because he suffered from ineffective assistance of counsel. D.I. 1, at 11.

5. He was denied due process because he was not informed of "egregious conduct by State actors at the [Office of Chief Medical Examiner]" before he pleaded guilty in 2013. D.I. 8, at 1; D.I. 20.

The State believes that Kelley has timely filed this petition to set aside his 2017 sentence and has exhausted all the remedies available to him in state court. D.I. 16, at 6–8. Even so, it asks this Court to deny the petition because it is too late for Kelley to challenge his 2013 conviction. *Id.* at 9. On this, the State is right.

## II. KELLEY CAN NO LONGER CHALLENGE HIS PRIOR CONVICTION ON HABEAS

If a state prisoner wants to attack his conviction, he must do so while he is "in custody" for that particular conviction. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). In other words, the prisoner must file his habeas petition *during* the related sentence (whether that be incarceration, probation, or the like). *Maleng*, 490 U.S. at 490–91. Once he completes the sentence, the conviction expires, and he is no longer "in custody." *Id.* at 492.

At that point, the prisoner cannot file a habeas petition challenging the expired conviction. This is true even if there might have been something wrong with the expired conviction. It is too late to go back and correct the mistakes. And there are no

loopholes: the prisoner cannot attack an expired conviction just because it affects the sentence that he is now serving for a new conviction. The expired conviction is immune from further habeas petitions and "conclusively valid." *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403 (2001).

Thus, it is too late to challenge the 2013 conviction. In February 2016, Kelley finished his two years of probation. That satisfied the condition for discharging his sentence of five years' imprisonment. D.I. 14-5, at 22–23. On the probation office's recommendation, the state court discharged Kelley and closed his case. D.I. 14-2, at 3; D.I. 27, at 2. That effectively terminated the 2013 sentence, making that conviction "conclusively valid." 11 Del. C. § 4333(a); D.I. 27, at 2. So Kelley cannot attack it now, even if it wrongfully enhanced his current sentence. He should have filed this habeas petition while he was on probation.

There is an exception to the rule, but Kelley does not qualify for it. If the state court had failed to appoint trial counsel for Kelley in 2013, then he could challenge the expired conviction under the Sixth Amendment even now. *Lackawanna*, 532 U.S. at 404. But Kelley did have counsel. D.I. 14-5, at 16. So there is no reason for this Court to revisit what happened in 2013.

\* \* \* \* \*

Because the time to challenge Kelley's 2013 conviction has run out, I will deny his habeas petition. And since no reasonable jurist would disagree with this conclusion, I will deny a certificate of appealability.